NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHRISTINA E. WOODRUFF,

           Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

           Defendant.

Civ. No. 20-14676

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court on the appeal by Plaintiff Christina E. Woodruff ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to Local Civil Rule 9.12(b), finds that the Commissioner's decision will be AFFIRMED.

## BACKGROUND

This appeal arises from Plaintiff's application for disability benefits under Title II of the Social Security Act, with an alleged disability onset date ("AOD") of April 25, 2016. (R. at 100, ECF No. 9-3.) Plaintiff is a 49-year-old female who, beginning on or before April 24, 2016, experienced back and leg pain on the left side of her body. (*See id.* at 12–14.) She has not worked since April 25, 2016, and was found to have degenerative disc disease, causing lower

1

back pain with radiculopathy and left lower extremity weakness; Reflex Sympathetic Dystrophy Syndrome (RSDS); depression; and anxiety. (*Id.*) She has a herniated disc at L3-L4 and has a undergone an L4-L5 laminectomy/discectomy, physical therapy, and pain management to address her chronic pain. (*Id.*; *see also* Pl.'s Br. at 2, ECF No. 12.)

Plaintiff's claim for disability benefits was denied initially on May 24, 2017, and at reconsideration on September 7, 2017. (*Id.* at 115, 123.) On November 2, 2017, Plaintiff requested a hearing before an Administrative Law Judge. (*Id.* at 25, 126.) The hearing occurred on June 18, 2019 in Newark, New Jersey before Administrative Law Judge Beth Shillin (the "ALJ"). (*Id.* at 10.) Plaintiff was represented by an attorney at the hearing. (*Id.*) Plaintiff testified in-person and, at Plaintiff's request, a vocational expert (the "VE") testified by phone. (*Id.*)

On September 23, 2019, the ALJ issued an unfavorable decision for Plaintiff (the "ALJ's decision"), finding that Plaintiff "[was] not disabled under sections 216(i) and 223(d) of the Social Security Act." (*Id.* at 25.) On November 22, 2019, Plaintiff requested Appeals Council review of the decision, which was denied on August 21, 2020. (*Id.* at 189–90, 1–6.) On October 20, 2020, Plaintiff commenced this appeal by filing a Complaint in this Court. (ECF No. 1.)

## LEGAL STANDARDS

I. **Disability Determination by the Commissioner**

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To show disability, a claimant must "furnish[] such medical and other evidence of the existence thereof as the Commissioner of Social Security may require." *Id.* § 423(d)(5)(A).

The Commissioner employs a five-step sequential evaluation process for disability claims. *See generally* 20 C.F.R. § 404.1520(a)(4)(i)–(v); *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999). The threshold inquiry in this process is (1) whether the claimant has engaged in any substantial gainful activity since her alleged disability onset date. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant has not, the Commissioner considers (2) whether the claimant has any impairment or combination of impairments that is "severe," such that it limits the claimant's "physical or mental ability to do basic work activities." *Id.* §§ 404.1520(b)–(c), 404.1521. If the claimant has a severe impairment, the Commissioner then examines the objective medical evidence to determine (3) whether the impairment matches or medically equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Appendix 1"). *Id.* §§ 404.1520(d), 404.1525, 404.1526. If so, the claimant is eligible for disability benefits. *Id.* § 404.1520(d). If not, (4) the Commissioner assesses the claimant's residual functional capacity ("RFC"), which is the claimant's remaining ability to work given her impairments. § 404.1520(e). Comparing the RFC with the requirements of past relevant work, the Commissioner determines whether the claimant has satisfied her burden of establishing that she is unable to return to her past relevant work. *Id.* §§ 404.1520(f), 404.1560(b); *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007). If the claimant meets this burden, the burden shifts to the Commissioner to show (5) whether other work exists in significant numbers in the national economy that the claimant could perform given her medical impairments, age, education, past work experience, and RFC. *Id.* § 404.1520(g); *Poulos*, 474 F.3d at 92. If such work does not exist, the claimant is deemed disabled. *Id.* § 404.1520(g)(1).

## II.     District Court Standard of Review

District courts may "affirm[], modify[], or revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. 405(g). In reviewing the ALJ's decision, the court reviews questions of law de novo and questions of fact under a "substantial evidence" standard of review. *See id.*; *Poulos*, 474 F.3d at 91. "Substantial evidence is defined as 'more than a mere scintilla;' it means 'such relevant evidence as a reasonable mind might accept as adequate.'" *Thomas v. Comm'r of Soc. Sec. Admin.*, 625 F.3d 798, 800 (3d Cir. 2010) (quoting *Plummer*, 186 F.3d at 427). Where the Commissioner's factual findings are supported by substantial evidence in the record, they are considered conclusive even though the Court might have decided the inquiry differently. 42 U.S.C. § 405(g); *Hagans v. Comm'r of Soc. Sec.*, 694 F.3d 287, 292 (3d Cir. 2012). However, the Commissioner must "analyze[] all evidence and . . . sufficiently explain[] the weight he has given to obviously probative exhibits." *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978); *accord Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 122 (3d Cir. 2000).

## DISCUSSION

## I.     The ALJ's Decision

The ALJ denied Plaintiff's claim at step five of the five-step inquiry. She determined that Plaintiff was not eligible for disability benefits because, while Plaintiff could not return to her relevant past work, she could still perform other "jobs that exist in significant numbers in the national economy" despite her impairments. (R. at 23 (citing to 20 C.F.R. 404.1569, 404.1569a).) The ALJ determined that Plaintiff's residual functional capacity ("RFC") allowed her to "perform sedentary work as defined in 20 C.F.R. 404.1567(a)," with certain exceptions. (*Id.* at 15.) The ALJ determined that Plaintiff could "occasionally climb stairs or ramps, stoop,

and balance;" could not have "exposure to extremes of temperature or humidity;" "require[d] the option to sit or stand at will in the workstation while remaining on task and the "use of a cane for ambulation and the need to lean on the desk or a cane when standing;" could not perform "overhead reaching bilaterally;" [was] limited to frequently reaching in front of her body;" [was] "limited to occasional feeling with no limitation in handling or fingering with the non-dominant upper extremity;" and was "limited to frequent contact with the general public, coworkers, and supervisors and "simple and unskilled work." (*Id.* at 15–16.)

In making this determination, the ALJ considered Plaintiff's "age, education, work experience, and residual functional capacity," based on the administrative record and hearing. (*Id.* at 23.) The VE testified:

> [G]iven all of these factors[, Plaintiff] would be able to perform the requirements of the following representative occupations identified by DOT job title and number, physical exertion requirement, SVP rating, and incidences of jobs available in the national economy:
>
> - Addressing Clerk, DOT #: 209.587-010, sedentary, SVP 2, 18,400 jobs nationally;
> - Order Clerk, Food and Beverage, DOT #: 209.567-014, sedentary, SVP 2, 21,000 jobs nationally;
> - Charge Account Clerk, DOT #: 205.367-014, sedentary, SVP 2, 49,000 jobs nationally.

(*Id.* at 24.)

## II. Application

Plaintiff argues that the ALJ's determination was not supported by substantial evidence and should be reversed and remanded to the Commissioner. (Pl.'s Br. at 21.)

First, Plaintiff contends that the ALJ "gave little weight to any of the opinion evidence in the record, except for that of Dr. Price." (*Id.* at 20.) The ALJ determined that "Dr. Price's opinions [were] generally well supported by the results of her examination of the claimant," and "[were] also consistent with the other diagnostic and clinical findings in the record." (R. at 22.)

The ALJ noted that Plaintiff "treated predominantly with . . . Dr. Price," who was her "primary care provider." (*Id.* at 20.) The ALJ also explained that she afforded "little weight" to other medical opinions, *e.g.*, those of Drs. Bustos, Paolino, and Wielickzo, which she determined were "inconsistent with the objective medical evidence of record." (*Id.* at 21.) The ALJ also afforded little weight to Dr. Mathisen's opinion, which the ALJ determined was "inconsistent with the mental status exam findings of Dr. Brown," and based only on a one-month-long doctor-patient relationship with Plaintiff. (*Id.*) Based on the foregoing, the Court finds that the ALJ adequately explained "the weight [s]he [gave] to obviously probative [evidence]" of Dr. Price, and gave "some indication of the evidence that was rejected" regarding the other medical opinions. *See Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981).

Second, Plaintiff takes issue with "two notable exceptions" that the ALJ made when affording Dr. Price's opinion strong weight. (Pl.'s Br. at 20.) The first exception was that ALJ determined that Dr. Price's limitation to Plaintiff's "stooping" was "internally inconsistent with [Dr. Price's own] opinion that [Plaintiff] would periodically have to alternate between sitting and standing because the very nature of sitting in a chair or rising up from one requires the ability to stoop." (R. at 22.) The ALJ also took exception to Dr. Price's opinion that Plaintiff was limited to "less than two hours of standing and/or walking." (*Id.*) The ALJ reasoned that this finding was "inconsistent with the diagnostic and clinical findings especially when considering the use of the cane for ambulation and claimant's own reported activities." (*Id.* (citing to medical progress notes between April 2016 through December 2016, an MRI report dated March 2017, treatment notes between May 2016 through May 2017, office treatment records in July 2017, and a radiology report from November 2017); R. at 412, 415, 612, 616–16, 643, 724, 750.)

The ALJ explained that Plaintiff's "own reported activities" suggest that she could stand

6

and/or walk for two hours, contrary to Dr. Price's more restricting opinion. (R. at 22.) On review of the record, Plaintiff reported the ability to concentrate and follow storylines, visit with friends, take care of herself on certain days (depending on the humidity, which exacerbates her pain), and walk to the mailbox. (*Id.* at 22, 63.) Plaintiff stated that she could "probably" walk farther if she takes breaks. (*Id.*) She testified that she likes being around people, *e.g.*, "go[ing] to friends' houses and visit[ing]." (*Id.* at 67.) Plaintiff also noted the ability to prepare "easy meals," do some household chores, drive a car, and swim. (*Id.* at 246, 715.)

Based on the ALJ's consideration of Plaintiff's own "reported activities," (*id.* at 22), the Court finds that her rejection of Dr. Price's opinion on both of these grounds is supported by substantial evidence. When considering evidence of a disability claimant's limitations, "[l]imitations that are medically supported but are also contradicted by other evidence in the record may or may not be found credible — the ALJ can choose to credit portions of the existing evidence but 'cannot reject evidence for no reason or for the wrong reason.'" *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005) (citing *Mason v. Shalala*, 994 F.2d 1058, 1066 (3d Cir. 1993). Here, the ALJ has made findings — based on Plaintiff's "own reported activities" in her testimony and medical records — to explain why she gave less weight to Dr. Price's opinions on these matters. (R. at 22.) Accordingly, the ALJ has given "some indication of the evidence that was rejected, *Cotter*, 642 F.2d at 705, and not simply "reject[ed] evidence for no reason or for the wrong reason," *Rutherford*, 399 F.3d at 554.

Finally, Plaintiff argues that the ALJ's decision failed to account for the "possibility of [Plaintiff's] being off-task or absent from work because of her impairments." (Pl.'s Br. at 20.) Plaintiff cites to the VE's testimony that an employee's being "off task 15 percent of the workday or more or absent more than one day per month" on a "sustained basis" would

7

"preclude competitive employment." (R. at 87.) Plaintiff argues that "nowhere in [the ALJ's] decision does [she] discuss the possibility of [Plaintiff's] being off-task or absent from work because of her impairments." (Pl.'s Br. at 20 (citing *Neal v. Comm'r of the SSA*, 2019 U.S. Dist. LEXIS 123701, at *5, 14 (D.N.J. July 23, 2019) (remanding case when the ALJ denied benefits without considering the medical opinion of claimant's primary care physician that the claimant was "likely to be off-task 25% of the time or more due to her symptoms").) Unlike in *Neal*, however, Plaintiff points to no specific opinion in the record stating that she would be off-task for a percentage of time. (*See* Pl.'s Br. at 20); 2019 U.S. Dist. LEXIS 123701, at *5. Accordingly, unlike in *Neal*, where the ALJ failed to consider a medical opinion regarding the claimant's potential need for off-task time, 2019 U.S. Dist. LEXIS 123701, at *14, the ALJ here has not failed to consider such evidence. Rather, the ALJ has completed a comprehensive overview of Plaintiff's medical history as it relates to her chronic back pain. (*See* R. at 12–14.) She considered and weighed the relevant medical records and opinions to determine Plaintiff's RFC. (*Id.* at 15.) And, based on Plaintiff's RFC and the VE's testimony, she determined Plaintiff capable of certain work in significant numbers despite her impairments. (*Id.* at 23.) The Court finds that the ALJ's decision is supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is AFFIRMED. An appropriate Order will follow.

Date: 4/18/22

*Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.